IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DANNY WAYNE SPORT,

        Plaintiff,

vs.                                        Case No. 21-3008-SAC

KANSAS CITY, KANSAS POLICE
DEPARTMENT, et al.,

        Defendants.

**O R D E R**

Plaintiff, <u>pro se</u>, has filed this action alleging excessive force during an apprehension and arrest on August 21, 2020. Plaintiff, who is currently incarcerated, brings this case under 42 U.S.C. § 1983.[1]  This case is before the court for the purposes of screening pursuant to 28 U.S.C. § 1915A.

I. <u>Screening standards</u>

Section 1915A requires the court to review cases filed by prisoners seeking redress from a governmental entity or employee to determine whether the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted.  A court liberally construes a <u>pro se</u> complaint and applies "less stringent standards than formal pleadings drafted by lawyers."  <u>Erickson v.</u>

---

[1] Title 42 United States Code Section 1983 provides a cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . causes to be subjected, any citizen of the United States . . . to the deprivation of by rights, privileges, or immunities secured by the Constitution and laws [of the United States]."

<u>Pardus</u>, 551 U.S. 89, 94 (2007).  But, a <u>pro se</u> litigant is not relieved from following the same rules of procedure as any other litigant. See <u>Green v. Dorrell</u>, 969 F.2d 915, 917 (10th Cir. 1992). Conclusory allegations without supporting facts "are insufficient to state a claim upon which relief can be based." <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." <u>Whitney v. New Mexico</u>, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted," the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)(quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).  The court accepts the plaintiff's well-pled factual allegations as true and views them in the light most favorable to the plaintiff.  <u>United States v. Smith</u>, 561 F.3d 1090, 1098 (10th Cir. 2009).  The court may also consider the exhibits attached to the complaint.  <u>Id.</u> The court, however, is not required to accept legal conclusions alleged in the complaint as true. <u>Iqbal</u>, 556 U.S. at 678. "Thus, mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice" to state a claim.

<u>Khalik v. United Air Lines</u>, 671 F.3d 1188, 1191 (10th Cir. 2012)

(quoting <u>Twombly</u>, 550 U.S. at 555).

A viable § 1983 claim must establish that each defendant

caused a violation of plaintiff's constitutional rights. <u>Walker</u>

<u>v. Mohiuddin</u>, 947 F.3d 1244, 1249 (10th Cir. 2020)(quoting <u>Pahls</u>

<u>v. Thomas</u>, 718 F.3d 1210, 1228 (10th Cir. 2013)).

> Plaintiffs must do more than show that their rights were
> violated or that defendants, as a collective and
> undifferentiated whole, were responsible for those
> violations. They must identify specific actions taken
> by particular defendants, or specific policies over
> which particular defendants possessed supervisory
> responsibility…

<u>Id.</u> at 1249-50 (quoting <u>Pahls</u>); see also, <u>Robbins v. State of</u>

<u>Oklahoma</u>, 519 F.3d 1242, 1250 (10th Cir. 2008)("a complaint must

make clear exactly who is alleged to have done what to whom").

II. <u>Plaintiff's complaint</u>

The complaint names as defendants the Kansas City, Kansas

Police Department and four police officers:  Daniel Albright;

Timothy Carney; Collin Ward; and Carl Webb.  The complaint alleges

that while he and other officers were apprehending and arresting

plaintiff, defendant Webb struck plaintiff with a baton multiple

times as plaintiff was face down on the ground in a heavily wooded

area.  Plaintiff alleged this caused him significant injuries and

pain.  Plaintiff also alleges that while he was face down an

unidentified assisting officer drove his knee into plaintiff's

3

neck and head area several times causing further injuries and pain. Plaintiff denies that he was resisting or attempting to flee.

III. <u>Screening</u>

The court shall direct that the Kansas City, Kansas Police Department be dismissed.   This court has held repeatedly that municipal police departments are subunits of city government and not governmental entities subject to suit.   <u>Roberts v. Unknown Wichita Police Officers</u>, 2019 WL 1790050 *2 (D.Kan. 4/24/2019)(Wichita Police Department); <u>Schwab v. Kansas</u>, 2017 WL 2831508 *13 (D.Kan. 6/30/2017)(Riley County Police Department); <u>Neighbors v. Lawrence Police Department</u>, 2016 WL 3685355 *6 (D.Kan. 7/12/2016); <u>Ward v. Lenexa, Kansas Police Dept.</u>, 2014 WL 1775612 *4 (D.Kan. 5/5/2014).   Therefore, plaintiff may not proceed with an action against the Kansas City, Kansas Police Department.[2]

The court shall further direct that plaintiff's claims against defendants Albright, Carney and Ward be dismissed without prejudice.   Contrary to the rules of pleading mentioned in the first section of this order, the complaint does not state with sufficient specificity what defendants Albright, Carney and Ward did to violate plaintiff's constitutional rights.   There is a

---

[2] Plaintiff also does not allege that a policy or customary practice of the Department caused an injury to plaintiff or that a municipal agent acting in an official capacity caused a violation of plaintiff's constitutional rights.  Such an allegation would be required to sue a governmental entity or municipal employee acting in an official capacity.  See <u>Kentucky v. Graham</u>, 473 U.S. 159, 165-66 (1985).  Municipal liability may not be based solely upon a city's employment relationship with someone who violated plaintiff's rights.  <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 691 (1978).

general allegation on p.2 of the complaint suggesting that they aided and abetted the use of excessive force.  That conclusory statement is not sufficient to state a claim for relief showing that Albright, Carney or Ward, with a culpable state of mind, acted or failed to take action in a manner which caused a violation of plaintiff's constitutional rights.

IV. <u>Conclusion</u>

The court shall grant plaintiff's motion for leave to proceed in forma pauperis.  Doc. No. 2.  The court directs that defendant Kansas City, Kansas Police Department be dismissed.  The court further directs that plaintiff's claims against defendants Albright, Carney and Ward be dismissed without prejudice.  The Clerk is ordered to prepare a waiver of service form pursuant to Rule 4(d) of the Federal Rules of Civil Procedure, to be served upon defendant Webb. Plaintiff shall be assessed no costs absent a finding by the court that plaintiff is able to pay such costs. Plaintiff has the primary responsibility to provide sufficient name and address information for the waiver of service forms or for the service of summons and complaint upon a defendant. See <u>Nichols v. Schmidling</u>, 2012 WL 10350 *1 (D. Kan. 1/3/2012); <u>Leek v. Thomas</u>, 2009 WL 2876352 *1 (D. Kan. 9/2/2009). So, plaintiff is warned that if waiver of service forms or summons cannot be served because of the lack of name and address information, and correct address information is not supplied to the Clerk of the Court,

ultimately the unserved parties may be dismissed from this action. See FED.R.CIV.P. 4(m).

It is further ordered that, the screening process under 28 U.S.C. § 1915A having been completed, this matter is returned to the Clerk of the Court for random reassignment for all further proceedings pursuant to D. Kan. R. 40.1.

**IT IS SO ORDERED.**

Dated this 19th day of February 2021, at Topeka, Kansas.


s/Sam A. Crow_____
U.S. District Senior Judge