IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DANNY WAYNE SPORT,

        *Plaintiff*,

vs.

                              Case No. 21-3008-EFM

CARL WEBB,

        *Defendant*.

**MEMORANDUM AND ORDER**

In his Complaint, Plaintiff Danny Sport alleges that during his August 21, 2020 arrest by Kansas City, Kansas police, Defendant Sergeant Carl Webb used excessive force by repeatedly striking him with his baton. Defendant has moved to dismiss the action on grounds of qualified immunity. (Doc. 17).

Plaintiff did not file a response to Defendant's motion to dismiss. Local Rule 7.4(b) provides:

> Absent a showing of excusable neglect, a party or attorney who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum. If a responsive brief or memorandum is not filed within the D. Kan. Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice.

This Court has recognized that the text of Rule 7.4(b) authorizes the Court to grant a dispositive motion "without further discussion."[1] Because untimeliness alone will not justify a dismissal under this provision, the Court reviews the underlying motion to determine whether it possesses merit.[2]

## I.    Factual and Procedural Background

Defendant's motion relies on the police report which Plaintiff attached to his Complaint. Around 12:50 a.m. on the evening in question, a caller reported that a man was trying to force an entry into her residence by pushing in a window air conditioner, and that he had pointed a gun at her. The police dispatched officers to the area of 8600 State Avenue to investigate a burglary and aggravated assault in progress.

The officers arrived to find the suspect had run into a wooded area to the north. Entering the woods, Defendant Webb found a suspect, the Plaintiff, laying face down in dense brush. Defendant drew his baton and told Plaintiff not to move and to show him his hands. Plaintiff tried to push himself up, and Defendant believed he was trying to get to his feet to either resist or flee.

Defendant states he struck the Plaintiff three times, aiming for the common peroneal, to effect an arrest. Plaintiff writes in his Complaint that he also felt blows in the area of the back, neck, and shoulder.

---

[1] *Bigler v. U.S. Bank Tr.,* 2017 WL 2362087, at *1 (D. Kan. 2017).

[2] *See Ellison v. English*, 2019 WL 3716448, at *1 (D. Kan. 2019) ("the Tenth Circuit has directed that a district court may not grant a motion to dismiss or a motion for summary judgment based solely on the plaintiff's failure to respond") (citing *Issa v. Comp USA*, 354 F.3d 1174, 1177-78 (10th Cir. 2003)).

Officers recovered a 9 mm Taurus handgun from the scene. They also spoke to the caller, who reported Plaintiff had shoved her into the wall, and shoved a black handgun into her stomach. Plaintiff was booked on charges related to the events on August 21, 2020, as well as a commercial burglary that occurred the week before.

The Supervisory Inquiry of Officer Defensive Action indicates that the Defendant's actions were deemed "within Department guidelines." The same inquiry noted that immediately after the incident Plaintiff was observed yelling at officers and questioning the reason for their contact with him. A few minutes later, however, Plaintiff was seen to be calm and cooperative as he was waiting in a police vehicle for transportation.

## II. Legal Standard

Under Rule 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted. Upon such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"[3] A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[4] The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of claims as well the grounds on which each claim rests.[5] Under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint, but need not afford such a

---

[3] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[5] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(2).

presumption to legal conclusions.[6] Viewing the complaint in this manner, the court must decide whether the plaintiff's allegations give rise to more than speculative possibilities.[7]

Public officers enjoy a qualified immunity to suit under § 1983, which applies unless their conduct was unreasonable in light of clearly established law. "If the law at the time did not clearly establish that the officer's conduct would violate the Constitution, the officer should not be subject to liability or, indeed, even the burdens of litigation."[8]

Once a defendant has asserted qualified immunity, the burden is on the plaintiff to prove (1) the officer violated a federal constitutional or statutory right, and (2) that the right was clearly established at the time of the unlawful conduct.[9] A right is "clearly established" if Supreme Court or Tenth Circuit precedent (or the weight of authority from other circuits) would put reasonable officers in the defendants' position on notice they were violating the constitution.[10] The law must be "sufficiently clear that every reasonable official would have understood that what he is doing violates that right."[11] This does not require the existence of a case exactly on point,[12] but does require that the existing caselaw be sufficiently clear to place the constitutional

---

[6] *Iqbal*, 556 U.S. at 678.

[7] *See id*. ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.") (citation omitted).

[8] *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004).

[9] *Saucier v. Katz*, 533 U.S. 194, 201 (2001), overruled on other grounds by *Pearson v. Callahan*, 555 U.S. 223, 236 (2009)

[10] *Carabajal v. City of Cheyenne*, 847 F.3d 1203, 1210 (10th Cir. 2017).

[11] *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (citation omitted).

[12] *Hope v. Pelzer*, 536 U.S. 730, 741 (2002).

issue "beyond debate."[13] "Put simply, qualified immunity protects all but the plainly incompetent or those who knowingly violate the law."[14]

The Court has the discretion to determine the order in which these requirements are addressed;[15] immunity exists if either element is absent.[16] Only when a plaintiff satisfies this heavy burden must the defendant then satisfy the traditional summary judgment standard.[17] In determining whether the law was clearly established, the dispositive question is "whether the violative nature of *particular* conduct is clearly established," which "must be undertaken in light of the specific context of the case, not as a broad general proposition."[18]

Plaintiff's claims of excessive force are reviewed under the Fourth Amendment's objective reasonableness standard.[19] This standard requires balancing "'the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion.'"[20] Reasonableness is evaluated in light of all the circumstances of the case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether the suspect is actively resisting or attempting to evade arrest by flight.[21] The "[u]se of excessive force is an area of the law in which the result depends very much on the facts of each case, and thus police

---

[13] *White v. Pauly*, 137 S.Ct. 548, 551 (2017).

[14] *Mullenix*, 577 U.S. at 12 (internal quotation omitted).

[15] *Pearson*, 555 U.S. at 236.

[16] *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001) (citation omitted).

[17] *Estate of Ceballos v. Husk*, 919 F.3d 1204, 1212 (10th Cir. 2019)

[18] *Mullenix*, 577 U.S. at 12 (citations and quotation marks omitted) (emphasis in *Mullenix*.)

[19] *Graham v. Connor*, 490 U.S. 386, 388 (1989).

[20] *Scott v. Harris*, 550 U.S. 372, 383 (2007) (quoting *United States v. Place*, 462 U.S. 696, 703 (1983)).

[21] *Thomson v. Salt Lake Cty.*, 584 F.3d 1304, 1313 (10th Cir. 2009) (citing *Graham*, 490 U.S. at 396).

officers are entitled to qualified immunity unless existing precedent squarely governs the specific facts at issue."[22]

### III.     Analysis

As noted above, Defendant seeks the protection of qualified immunity, asserting that his use of the baton was justified, given the report which indicated a violent home invasion by an armed assailant, who attempted to flee into a wooded area as police arrived.  Defendant found Plaintiff apparently hiding in dense brush within the woods.  Under the circumstances, Defendant reasonably believed that Plaintiff might be armed, and appeared to be preparing for further flight or resistance when he ignored an order to lay still by trying to push himself up off the ground.

Under these circumstances, Plaintiff has failed to show that Defendant violated his Fourth Amendment rights.  The use of the baton was certainly painful and may have caused some bruising or other injury, but it was not life-threatening.[23]  Plaintiff was apprehended as a suspect in a violent crime, and officers had reason to believe the suspect was armed and was trying to elude capture.  As noted earlier, after Defendant raised the issue of qualified immunity, Plaintiff had the burden to make some showing as to why the defense does not apply.  He has not met this burden.

---

[22] *Kisela v. Hughes*, 138 S. Ct. 1148, 1153 (2018) (internal quotation marks and citation omitted).

[23] *See Smith v. LePage*, 2015 WL 13260394, at *12 (N.D. Ga. 2015) (recognizing police batons as a nonlethal alternative to firearms). *See also Pettibone v. Biden*, 2021 WL 6112595, at *13 (D. Or. 2021) (batons are an intermediate level of force).

Because the Court finds no Fourth Amendment violation under the first prong of the qualified immunity standard, it need not resolve the second—whether the hypothetically unreasonable use of the baton was contrary to clearly-established caselaw.[24]

**IT IS THEREFORE ORDERED** that the Motion to Dismiss of Defendant (Dkt. 17) is **GRANTED**.

**IT IS SO ORDERED.**

Dated this 12th day of January, 2022.

This case is closed.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[24] *See Byrd v. Cumberland County*, 2020 WL 3496915 at *11–12 (D.N.J. 2020) (police use of baton strikes to subdue a resisting suspect did not violate clearly-established law).